JOHN WASLEY AND C. C. RYNERSON, RESPONDENTS, *v.* SAMUEL FOREMAN, APPELLANT.

CONSTRUCTIVE TRUST.—The purchaser of parcels of the land granted by Congress to the State, for internal improvements, who, before the entire purchase is made, sells portions thereof, by *quitclaim* deeds, to others, by whom the remainder of the purchase money is paid, and who thereupon receives a patent from the State, becomes, constructively, the trustee of his vendees, and holds the title for their benefit.

APPEAL from the District Court, Fifth District, San Joaquin County.

The case is stated in the opinion.

*J. H. Budd,* for Appellant.

*Byers & Elliott,* for Respondents.

RHODES, J., delivered the opinion of the Court ·

Omitting certain intermediate conveyances, upon which no question arises, the case is simply this : The defendant purchased from the State certain parcels of the five hundred thousand acres of land granted by Congress to the State for the purpose of internal improvement; paid the portion of the purchase money required by law, and received a certificate of location and purchase of the land. Subsequently, he sold and conveyed to the plaintiffs several parcels of the land, and they entered into possession thereof, and paid to the State the balance of the purchase money—the portion due for the parcels they had purchased from the defendant being paid on their own account, and the residue being paid for the defendant ; and thereafter the defendant received from the State a patent for the whole of said lands. The deeds under which the plaintiffs claim title are, in effect, quitclaim deeds—in three of them the grantor having granted, bargained and sold his right, title and interest in the several parcels of land described, and two of the deeds being quitclaim in form. The defendant, after having procured the patent, refused to convey to the plaintiffs the lands he had sold to them, and claims to hold the title for his own use.

The case is too plain for argument. Whatever right, title or interest the defendant acquired in the lands sold to the plaintiffs, by means of his purchase and the certificate of location and purchase, vested in the plaintiffs by virtue of their several deeds. The most important of those rights was the right to a patent from the State, conveying the legal title, upon the payment of the residue of the purchase money. The plaintiffs, by their purchase from the defendant, and their payment to the State of the residue of the purchase money, acquired the entire equitable and beneficial interest

and estate in the lands, leaving the naked legal title in the State; and when the defendant took that title in his own name, he necessarily acquired it in trust for the plaintiffs. (*Bludworth* v. *Lake*, 33 Cal. 255.) A clearer case of constructive trust than this, it would be difficult to imagine, and the defendant has been unable to assign even a plausible pretext for his refusal to execute the trust, by a conveyance of the legal title.

Judgment affirmed.